## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

ELLENI BERGER and
RANDY BERGER,

      Debtors.

Bankruptcy No. 18-20778-GLT

Chapter 13

### THE UNITED STATES' RESPONSE TO THE OBJECTION TO THE SECOND AMENDED CLAIM OF THE USA/IRS

Debtors have filed an objection to the United States' second amended proof of claim. *See* dkt. no. 111. The objection centers around two assertions: (a) the proof of claim asserts a secured claim of about $380,000, which debtors claim has "no factual basis" in the equity available in debtors' assets; and (b) the second amended claim was filed too late.

The claim to which the debtors object was further amended on March 24, 2020, with a significantly lower secured claim. Thus, debtors' objection is moot. The Government amended its proof of claim based on an appraisal report as to the value of debtors' real property, and the amended proof of claim now asserts a secured claim of $81,577 (down from about $380,000). *See* Claim 1-4.

As to the lingering question of timeliness: it is true that the Government has amended its proof of claim well over two years into this bankruptcy, but fault for this does not lie with the Government. Rather, the debtors created the inordinate delay in determining the value of the real properties (and thus the secured claim) at issue.

Debtors brought an adversary proceeding in 2018 to discharge several liens from their Millview residence, and then also their Brilliant Avenue property. *See* dkt. nos. 1 and 20 in adv.

proc. 18-2130.  From the beginning of the adversary proceeding, the United States

communicated it was willing to stipulate that its liens were unsecured for plan payment purposes

with respect to the Millview and Brilliant Avenue properties (and the liens were avoidable on

completion of a confirmed Chapter 13 plan) if debtors could substantiate the value of those

properties.

In the meantime, another lienholder, the Commonwealth of Pennsylvania, filed a motion

to dismiss the adversary proceeding, and then an appeal when the motion was denied.  The

appeal was pending until October 2019.  *See* dkt. no. 51 of adversary proceeding.  Once

Pennsylvania's motion to dismiss was ruled on, the Government resumed its efforts to resolve

the adversary proceeding without further litigation:  stating ***five times*** over about a year (from

October 2019 until September 2020) that it was willing to stipulate with the debtors if they

would provide substantiation of the value of the Millview and Brilliant Ave. properties.  Debtors

repeatedly promised the Government (and the court, at a June 2020 conciliation conference) that

they would provide the requested evidence. Finally, on September 2020, they provided the long-

promised "substantiation:" an appraisal report concerning only the Millview property from ***2012***.

This was patently inadequate to demonstrate what both the Millview and Brilliant Ave.

properties were worth when the bankruptcy started in 2018.

So the Government appraised the properties itself in October 2020, based on comparable

sales in the area, and promptly amended its proof of claim to include a secured claim of

$380,000.  *See* claim 1-3.  To resolve the parties' continuing disagreement about the value of the

properties, the Government then hired a private appraiser in early 2021. That last appraisal took

into account the poor interior conditions of the properties, which dragged down their market

value, and led the Government to amend its secured claim to $81,577.  This is below the amount

set forth in the second amended claim, but significantly above the amount (based on a 2012

document) that debtors listed in their schedules and then refused to substantiate.

The debtors' objection to the Government's second amended claim is mooted by the

filing of the third amended claim.  And to the extent that debtors would now object to this third

amended claim as untimely, their argument falls flat given their sustained delay (and ultimate

failure) in providing the property valuation that the Government requested.


Dated:  March 30, 2021                                    Respectfully submitted,

                                                         DAVID A. HUBBERT
                                                         Acting Assistant Attorney General

                                                         /s/ Nishant Kumar
                                                         NISHANT KUMAR
                                                         Trial Attorney, Tax Division
                                                         U.S. Department of Justice
                                                         Post Office Box 227
                                                         Washington, DC 20044
                                                         Tel: (202) 514-2986
                                                         Fax: (202) 514-6866
                                                         Nishant.kumar@usdoj.gov

                                                         *On behalf the United States*


## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2021, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system.

                                    /s/ Nishant Kumar
                                    NISHANT KUMAR
                                    Trial Attorney, Tax Division